**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ENRIQUE CRISTOBAL MENESES,

Petitioner,

v.

ERNESTO SANTACRUZ, JR., et al.,

Respondents.

Case No. 2:25-cv-11206-MCS-PVC

**ORDER RE: FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing objections to the Report and Recommendation has passed, and no objections have been received.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge in part.

The Magistrate Judge recommends that the Court permanently enjoin Respondents "from re-detaining Petitioner without providing him a pre-detention hearing before a neutral decisionmaker." (R. & R. 10, ECF No. 23.) This proposed relief is consistent with the preliminary injunction entered in this case. (Order Re:

Mot. for Prelim. Inj. 11, ECF No. 13.) Whereas precluding re-detention without a pre-detention hearing was appropriate as a matter of preliminary injunctive relief before a final adjudication of the merits of the petition, the record does not raise an inference that permanent injunctive relief consistent with the preliminary injunction is warranted. The prospect of unlawful re-detention is speculative and hypothetical, so permanent injunctive relief designed to address or avoid that prospective harm is inappropriate. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition"). Of course, due process may demand that Petitioner receive a pre-detention hearing before any re-detention, but the Court will limit the judgment here to the issues presented in this proceeding.

Accordingly, IT IS ORDERED that:

(1) the First Amended Petition for Writ of Habeas Corpus is granted in part;

(2) Respondents are ordered to restore the conditions of Petitioner's release in effect immediately before November 21, 2025, which shall remain in effect until Respondents serve Petitioner with written notice of their intent to remove him to a specified third country; and

(3) Petitioner's third-country removal claim is denied without prejudice, and the Court declines to reach Petitioner's other claims given the relief awarded on the procedural due process claim.

Judgment will be entered accordingly. It is further ordered that the Clerk serve copies of this Order on counsel for Petitioner and counsel for Respondents.

DATED: November 3, 2026

Mark C. Scarsi

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE